UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN KOLEHMAINEN,                                CIV. NO. 14-1900(ADM/JSM)

    Petitioner,                                           REPORT AND RECOMMENDATION

v.

UNITED STATES OF AMERICA,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  [Docket No. 1]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.     **BACKGROUND**

Petitioner pled guilty to illegally possessing a machine gun in violation of 18 U.S.C. §§922(o), 924(a)(2) and 26 U.S.C. §5845(b) on December 9, 2011, and was sentenced to a guidelines term of 96 months in federal prison.  United States v. Kolehmainen, Cr. No. 4:11-102-A, N.D. Texas, Indictment [Docket No. 20], Minute

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn. 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 1990 WL 171789 at *3 (N.D. Ill. 1990).

Order [Docket No. 37], Judgment in a Criminal Case [Docket No. 39]; United States v. Kolehmainen, 2012 WL 3964384, at *1 (5th Cir. Sept. 11, 2012). Petitioner is presently serving his sentence at the Federal Medical Center, Rochester, Minnesota. Petition, p. 3.

After Petitioner was convicted and sentenced, he filed a direct appeal, contending that the district court erred by denying him a reduction in his sentence pursuant to the United States Sentencing Guidelines ("USSG"), §3E1.1, based on his acceptance of responsibility. Kolehmainen, 2012 WL 3964384, at *1. A defendant may receive a reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." USSG §3E1.1(e). Petitioner argued that the district court erred in denying the reduction based on a finding that he falsely denied that he could not remember a conversation with an undercover officer wherein he talked about obtaining more machine guns to be sold for transportation to Mexico. Id. The Fifth Circuit denied Petitioner's appeal and affirmed the district court's judgment on September 11, 2012. Id. Petitioner filed a petition for writ of certiorari to the Supreme Court, which was denied on February 19, 2013. Kolehmainen v. United States, 133 S. Ct. 1302 (Feb. 19, 2013).

On June 12, 2014, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is once again challenging the sentence imposed in his criminal case. Petitioner claims that (1) the sentencing court erred in denying that he had accepted responsibility for his crime and should have granted him a "three point acceptance of responsibility;" (2) Petitioner had entered into a stipulation with the Government in which Petitioner admitted his involvement; and (3) "the

probation officer who prepared Petitioner's Pre-Sentence Report misinterpreted Petitioner's ignorance of Texas geography with a deliberate act of recanting his 'acceptance of responsibility.'" Petition, pp. 2-3. Petitioner contended that his Petition was based "in relevant part" on the Eleventh Circuit's decision in Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013) and United States v. Stuckey, 255 F.3d 528, 529, n.3 (8th Cir. 2001).[2] Id.

For the reasons discussed below, the Court finds that Petitioner's current claims for relief cannot be brought in a §2241 habeas corpus petition.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

---

[2]   Stuckey was a second appeal by a defendant of his criminal conviction for being a felon in possession of a weapon that was transported in interstate commerce, not a habeas petition. 255 F.3d at 529. Footnote 3, relied on by Petitioner, merely noted that the court was addressing the merits of the defendant's constitutional challenge to the statute under which he was convicted rather than attempting to determine if he had waived the argument by failing to raise it on his first appeal and because the government never argued waiver.

3

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the 96-month sentence imposed in his federal criminal case in the Northern District of Texas. He claims that his sentence should be revisited because the trial court did not grant him a reduction in his offense level for accepting responsibility for his crime. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies.

4

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because it appears that any application for relief would be barred by the one-year statute of limitations applicable to §2255 motions. See 28 U.S.C. §2255(f).[3]

Moreover, it clearly appears that Petitioner has deliberately attempted to bring his current claims in a § 2241 habeas corpus petition, because he knows he is time-barred from seeking relief under § 2255. In short, Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, (Petition, p. 3), and that he can challenge his sentence in a § 2241 habeas proceeding. That reasoning, however, is rejected. The procedural rules that limit the availability of relief under § 2255 would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have

---

[3]   28 U.S.C. 2255(f)(1) provides:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction became final.

A federal judgment become final "when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari." Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). Therefore, the one year limitations period for Petitioner to bring a motion under § 2255 began on February 19, 2013—the day the Supreme Court denied certiorari, and expired one year later, on February 18, 2014.

intended for the § 2255 statute of limitations to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will <u>not</u> be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed . . . <u>or because petitioner has allowed the one year statute of limitations and/or grace period to expire</u>." <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). <u>See</u> also <u>Hill</u>, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, <u>or because a remedy under that section is time-barred</u>.") (emphasis added).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence <u>because the law changed after his first 2255 motion</u>." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added); <u>see</u> also <u>Braggs v. Marberry</u>, 247 Fed. App'x 392, 393 (3rd Cir. 2007) (unpublished opinion) ("Section 2255 is 'inadequate or ineffective' only if the petitioner 'was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application' ") (quoting <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3rd Cir.2002)).

In this case, there has been no relevant change in the law that which would allow Petitioner to invoke the savings clause. In <u>Bryant</u>, the Eleventh Circuit addressed the

narrow question of whether the savings clause applied when intervening United States Supreme Court decisions affected Eleventh Circuit jurisprudence regarding the offense level for a concealed firearm conviction, rendering the petitioner's sentence in excess of the statutory maximum. 738 F.3d at 1253-1284. The court concluded that it did and vacated the district court's dismissal of Bryant's §2241 petition with instructions to reduce Bryant's sentence to the statutory maximum penalty. Id. at 1291. None of those facts are operative in this case, and the Eleventh Circuit's analysis of its jurisprudence regarding the savings clause is not relevant.

At any rate, to obtain the benefit of the savings clause, the law must have changed after Petitioner filed his first §2255 motion. Here, Petitioner never filed a §2255 motion.

In this case, Petitioner had an adequate procedural opportunity to raise his current claims for relief, but did not do so on a timely basis. Therefore, he is barred from bringing those claims in a § 2241 habeas corpus petition.

## III.  CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the sentence imposed following his federal criminal conviction in the Northern District of Texas; (2) such challenges can be raised only in a § 2255 motion filed in the trial court, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief by the one-year statute of statute of limitations; (4) the remedy provided by § 2255 is not "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule by the Eleventh Circuit's decision in Bryant; and (5)

because Petitioner had an adequate procedural opportunity to present his current claims, (in a <u>timely</u> § 2255 motion), he cannot bring those claims in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See <u>DeSimone</u>, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); <u>Abdullah</u>, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**.

2   This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: June 25, 2014                                       *Janie S. Mayeron*
                                                           JANIE S. MAYERON
                                                           United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 9, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.